**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHARON MARIE DIETZ,

    Plaintiff,

vs.                                          Case No. 3:19-cv-95-J-34PDB

ANDREW M. SAUL, Commissioner of the
Social Security Administration,

    Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Report & Recommendation (Dkt. No. 15; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on February 3, 2020. In the Report, Judge Barksdale recommends that the Commissioner's decision be vacated and the case remanded. See Report at 26. No objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Report & Recommendation (Dkt. No. 15) of Judge Barksdale is **ADOPTED** as the opinion of the Court.

2. The Clerk of the Court is directed to enter judgment for Sharon Dietz and against the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), **VACATING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) evaluate Dr. Trinidad's and Dr. Ragsdale's opinions; (b) state the weight given to those opinions and the reasons therefore; (c) reevaluate the credibility findings as warranted; and (d) take any other necessary action.

3. The Clerk of the Court is further directed to close the file.

4. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.

See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of February, 2020.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record